**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

*Attorney for Plaintiff*

[Additional Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL MARQUES, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LPD ENTERPRISES, LLC (dba ALLIED WEALTH PARTNERS),<br><br>*Defendant*. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT**

Plaintiff Daniel Marques, individually and as the class representative on behalf of all others similarly situated, brings this employment discrimination suit against LPD Enterprises, LLC, which does business under the marketing name Allied Wealth Partners ("Allied Wealth Partners"), a New Jersey financial services company with a principal place of business located at 14 Walsh Drive, Suite 100, Parsippany, NJ, 07054.  Plaintiff resides in Roselle, NJ.

**SUMMARY OF CLAIM**

1.  Allied Wealth Partners denies employment opportunities to entire categories of individuals authorized to work in the United States based on their alienage.  Specifically, Allied

Wealth Partners categorically denies employment contracts to applicants for the position of Independent Financial Advisor within the company if they are lawfully present noncitizens whose valid federal work authorization is subject to renewal after a future date of expiration. This facially discriminatory company-wide policy and/or practice constitutes intentional discrimination based on alienage and is unlawful under the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court is empowered to issue a declaratory judgment and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial District and Allied Wealth Partners is headquartered and conducts business within this judicial District.

## PARTIES

*Plaintiff*

5. Plaintiff Daniel Marques is a 27-year-old citizen of Brazil currently living in Roselle, New Jersey, Union County. Plaintiff Marques is a May 2013 graduate of the Kean University College of Business and Public Management in New Jersey. He majored in Finance and graduated with a 3.4 GPA.

6. Plaintiff Marques is not a citizen of the United States. The U.S. Department of Homeland Security (DHS) has granted Plaintiff Marques deferred action and authorization to work in the U.S. through the Deferred Action for Childhood Arrivals ("DACA") initiative.

Plaintiff Marques had work authorization with a future date of expiration when he applied to and was denied the Independent Financial Advisor position at Allied Wealth Partners, and he continues to have work authorization and deferred action.

*Defendant*

7. Defendant Allied Wealth Partners is a New Jersey Limited Liability Company headquartered in Parsippany, New Jersey. Defendant Allied Wealth Partners has nine offices in the New Jersey and New York area and approximately 115 employees.

8. Defendant Allied Wealth Partners, by soliciting, conducting, and transacting business in the state of New Jersey, engages in continuous, permanent, and substantial activity within the state.

## FACTUAL ALLEGATIONS

**Background**

9. The United States Citizenship and Immigration Services ("USCIS") provides Form I-9 to employers within the United States to allow employers to verify the identity and employment authorization of individuals they wish to hire.

10. The Immigration Reform and Control Act of 1986 requires employers to complete and maintain a Form I-9 for each of their employees, whether such employees are U.S. citizens or noncitizens. *See* 8 U.S.C. § 1324A.

11. Both employees and employers must complete Form I-9. An employee must provide the employer with acceptable documents confirming both his identity and employment authorization.

12. Acceptable documents for Form I-9 verification are listed on the form and include, among others, a federal Employment Authorization Document ("EAD"). The EAD is a

document that proves an individual is allowed to work in the United States for a specific time period. By itself an EAD establishes both identity and employment authorization. No further proof is necessary to satisfy the documentation requirement of Form I-9.

13. Employers may not specify which document(s) the employee may present to establish employment authorization and identity. Form I-9 warns employers that "[i]t is illegal to discriminate against work-authorized individuals. Employers CANNOT specify which document(s) an employee may present to establish employment authorization and identity. The refusal to hire or continue to employ an individual because the documentation presented has a future expiration date may also constitute illegal discrimination."

14. On June 15, 2012, the Secretary of DHS announced that the agency, through its exercise of prosecutorial discretion, would not seek to remove certain immigrants brought to the United States as children but instead consider them for grants of deferred action. The initiative is known as DACA.

15. Deferred action under DACA is a discretionary grant of authorized stay in the United States by the federal government. Deferred action under DACA is valid for a period of two years and is renewable for additional two-year periods.

16. DACA recipients are eligible to obtain federal work authorization and work in the United States. Work authorized DACA recipients possess an EAD and a Social Security number.

17. DACA's purpose, as explained by President Obama, was to "[stop] expel[ling] talented young individuals who . . . [have] been raised as Americans; understand themselves to be part of this country . . . [and] who want to staff our labs, or start new businesses or defend our

country."[1]

18. As of March 31, 2018, USCIS had approved 814,058 initial applications for DACA.[2]

19. DACA recipients are among many noncitizens who possess an EAD. Other noncitizens who possess work authorization that is subject to a specific validity period include: spouses of professional work visa holders; asylum applicants; survivors of human trafficking; individuals transitioning into LPR status; individuals with Temporary Protected Status; humanitarian parolees; deferred action recipients, including beneficiaries of the Violence Against Women Act; spouses and children of foreign government officials and exchange visitors; and student visa holders.

**Allied Wealth Partners' Discriminatory Policy**

20. Allied Wealth Partners intentionally discriminates against noncitizen applicants for employment in the United States on the basis of alienage by utilizing a facially discriminatory policy and/or practice that categorically denies the opportunity to enter employment contracts to lawfully present noncitizens who are authorized to work in the U.S. and whose valid federal work authorization contains a future expiration date.

21. Allied Wealth Partners further subjects noncitizen applicants to employment discrimination on the basis of alienage and to additional requirements that are not imposed on U.S. citizen applicants, and rejects the noncitizen applicants who cannot satisfy the additional

---

[1] President Barack H. Obama, *Remarks by the President on Immigration* (June 15, 2012), http://www.whitehouse.gov/the-press-office/2012/06/15/remarks-president-immigration (last visited April 2, 2018).
[2] USCIS, *Number of Form 1-821D, Consideration of Deferred Action for Childhood Arrivals by Fiscal Year, Quarter, Intake and Case Status: Fiscal Year 2012-2018 (March 31, 2018)*, https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Data/All%20Form%20Types/DACA/DACA_Quarterly_Report_4.2.18.pdf.

requirements.

22. On April 6, 2016, Allied Wealth Partners denied Plaintiff Marques's application for a job with the company on the basis of these policies and/or practices, because he was a noncitizen with a valid EAD and despite the fact that Plaintiff Marques was authorized to work in the United States.

23. On or about March 9, 2016, Plaintiff Marques applied for a position as an Independent Financial Advisor at Allied Wealth Partners headquarters office in Parsippany, New Jersey by submitting an online application through the online job search portal Indeed, at www.Indeed.com.

24. The job listing for the Independent Financial Advisor position contained no limitation based on the duration of candidates' federal work authorization.

25. Within 24 hours of submitting his application, on March 10, 2016, the Managing Director of Allied Wealth Partners, Pietro Ruggeri, contacted Plaintiff Marques by email to schedule a telephone interview for March 17, 2016 in order to discuss the Independent Financial Advisor position to which Plaintiff Marques applied.

26. On or about March 17, 2016, Mr. Ruggeri conducted the telephone interview with Plaintiff Marques as scheduled. The result of this interview led Allied Wealth Partners to continue its interest in Plaintiff Marques, and on March 24, 2016, Allied Wealth Partners conducted an in-person interview with Plaintiff Marques about his application for the Independent Financial Advisor position.

27. After Plaintiff Marques expressed some concern about the position's proposed salary, on March 30, 2016 Allied Wealth Partners conducted a second phone interview. After the March 30, 2016 phone interview, Mr. Ruggeri invited Plaintiff Marques to attend an in-

person interview at Allied Wealth Partners' offices with two of the company's senior advisors on Thursday, April 7, 2016.

28. Plaintiff Marques accepted the offer of an in-person interview for the Independent Financial Advisor position.

29. On April 6, 2016, prior to the scheduled April 7, 2016 in-person interview, Plaintiff Marques and Mr. Ruggeri exchanged several emails. Plaintiff Marques emailed Mr. Ruggeri and informed Mr. Ruggeri that he was a DACA recipient, was authorized to work in the United States and that he did not require an employer sponsor in order to work in the United States. Plaintiff Marques also attached a copy of his EAD, demonstrating his authorization to work in the United States. Plaintiff Marques's EAD was valid through September 22, 2016 and subject to renewal for two-year periods following September 2016.

30. On April 6, 2016, after he received Plaintiff Marques's email, Mr. Ruggeri spoke with Plaintiff Marques over the phone to inform Plaintiff Marques that pursuant to the company's policy, the durational limitation on Plaintiff Marques's federal work authorization disqualified him from the Independent Financial Advisor position at Allied Wealth Partners.

31. Mr. Ruggeri followed up the phone conversation with Plaintiff Marques with an email to Plaintiff Marques later on April 6, 2016 explaining that Allied Wealth Partners' decision was based on the company's "policy . . . that we will not provide citizenship sponsorship for current or future candidates in need of [sic], he would not be qualified under our system. There is considerable risk and our financing programs provide significant investment in a potential advisor that may not have continued authorization to work in the U.S. as of September. It's not to say that he won't be extended authorization, but it is not guaranteed from my observation as he makes it sound."

32. After receiving Mr. Ruggeri's email confirming the company's policy and decision not to hire Plaintiff Marques, Plaintiff Marques sent a follow-up email on April 6, 2016 in which he expressed his disappointment at Allied Wealth Partners' decision.

33. In response, Mr. Ruggeri sent a further follow-up email on April 6, 2016 expressing that he was "just as disappointed" and was "very much looking forward to working with" Plaintiff Marques.

34. If Plaintiff Marques did not belong to a subclass of non-citizens whose work authorizations have a future expiration date, Allied Wealth Partners would have entered into an employment contract with Plaintiff Marques.

35. DACA recipients are not the only class of noncitizens who possess federal work authorization but are ineligible to work for Allied Wealth Partners because of its facially discriminatory policy and/or practice that discriminates on the basis of alienage. Allied Wealth Partners' requirements for entering into a work contract also discriminate against work-authorized asylees, deferred action recipients, trafficking survivors and relatives of visa holders, among other classes of noncitizens who are authorized to work in the United States.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings his class allegations under Fed. R. Civ P. 23 (a), (b)(2), (b)(3), and (c)(4) and on behalf of a class defined as follows: All noncitizens who are within the jurisdiction of the United States and authorized to work in the United States, who were denied employment with Allied Wealth Partners under the company's policies and/or practices for hiring noncitizens between April 6, 2016 and the date of judgment in this action (the "Class").

37. Plaintiff is a member of the Class.

38. Upon information and belief, the members of the Class are so numerous that

joinder of all of them is impracticable. Allied Wealth Partners has offices throughout the State of New Jersey and New York, USCIS has approved over 800,000 applications for DACA, and there are thousands of individuals who, despite having work authorization do not meet Allied Wealth Partners' requirements for employment. Plaintiff does not know the precise number of Class members, because this information is within the possession of Allied Wealth Partners.

39. Questions of law and fact are common to the Class and these questions predominate over any questions affecting only individual members. Common questions include, among others: (1) whether it is Allied Wealth Partners' policy or practice to reject job applicants or terminate current workers who are authorized to work in the United States because they are not United States citizens and because they possess valid work authorization that is limited in duration; (2) whether Allied Wealth Partners' policy as set forth above deprives Plaintiff and the Class of the right to contract for work in the United States in violation of 42 U.S.C. § 1981; (3) whether Plaintiff and the Class are entitled to back-pay relief; (4) whether Plaintiff and the Class suffered harm by reason of Defendant's unlawful policy; (5) whether Plaintiff and the Class are entitled to compensatory damages; (6) whether Plaintiff and the Class are entitled to punitive damages; (7) whether equitable and injunctive relief for the Class is warranted; and (8) the scope of a resulting permanent injunction.

40. Plaintiff's claims are also typical of the claims of the Class because: (1) Plaintiff was within the jurisdiction of the United States and not a citizen thereof; (2) Plaintiff was authorized to work within the United States; (3) Plaintiff applied for a position at Allied Wealth Partners; and (4) Plaintiff was rejected because of alienage. These claims are substantially shared by each and every Class member. All of the claims arise from the same course of conduct of Defendant, and the relief sought is common.

41. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no conflict with any Class member. Plaintiff is committed to the goal of altering Allied Wealth Partners' hiring policies and practices to end discrimination against Plaintiff and those who are similarly situated by virtue of their noncitizenship and legal capacity to work in the United States.

42. Plaintiff has retained counsel competent and experienced in complex employment discrimination class actions.

43. The precise number of individuals affected by Allied Wealth Partners' unlawful policy and practice is ascertainable through Defendant's records and therefore the proposed class is ascertainable.

44. Class certification is appropriate pursuant to Fed. R. Civ. P. 23 (b)(2) because Allied Wealth Partners has acted and/or refused to act on grounds that are generally applicable to the Class, which makes declaratory and injunctive relief with respect to Plaintiff and the Class as a whole appropriate. Allied Wealth Partners has refused to hire and/or has terminated noncitizens ostensibly because they are not citizens or are noncitizens whose federal work authorization is limited as to duration of time. The Class members are entitled to injunctive relief to end Allied Wealth Partners' common, uniform, unfair, and discriminatory policy and/or practice, including priority instatement and other relief that will make Class members whole.

45. Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Class. Furthermore, a class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members is impracticable. The Class members have been damaged and are entitled to recovery as a result of

Allied Wealth Partners' common, uniform, unfair, and discriminatory policy and/or practice. Damages are capable of measurement on a class-wide basis and will be calculated based on the wages lost due to Allied Wealth Partners' unlawful policy and/or practice. The propriety and amount of punitive damages are based on Allied Wealth Partners' conduct, making these issues common to the Class. Plaintiff and the Class will rely on common evidence to resolve their legal and factual questions. There are no pending actions raising similar claims. The proposed representative for the class is a New Jersey resident. Defendant engages in continuous, permanent, and substantial activity in New Jersey. There will be no undue difficulty in the management of this litigation as a class action.

## COUNT I – ALIENAGE DISCRIMINATION
(42 U.S.C. §1981)

46. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

47. Plaintiff brings this claim on his own behalf and on behalf of the Class.

48. Plaintiff is a person within the jurisdiction of the United States.

49. Plaintiff is not a citizen of the United States.

50. Plaintiff is lawfully present and authorized to work in the United States.

51. Allied Wealth Partners intentionally discriminated against Plaintiff and the Class on the basis of alienage by rescinding or denying them contracts to work or deterring them from opportunities because they are noncitizens whose federal work authorization is time limited and despite their legal authorization to work in the United States.

52. Allied Wealth Partners' intentional discrimination against Plaintiff and the Class has interfered with their right to make and enforce work contracts.

53. Allied Wealth Partners' facially discriminatory policy and/or practice of denying work opportunities to Plaintiff and the Class based on their alienage, despite their legal

authorization to work in the United States, has harmed Plaintiff and the Class and constitutes unlawful alienage discrimination in violation of 42 U.S.C. § 1981.

54. Plaintiff and Class members have no plain, adequate, or complete remedy at law to redress the wrongs alleged in this Complaint, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiff and the Class he seeks to represent are now suffering, and will continue to suffer, irreparable injury from Allied Wealth Partners' discriminatory acts and omissions.

55. Allied Wealth Partners' conduct has caused, and continues to cause, Plaintiff and Class members substantial losses in earnings and other work benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

56. Certification of the case as a class action on behalf of the proposed Class;

57. Designation of Plaintiff Daniel Marques as a Representative on behalf of the Class;

58. Designation of Plaintiff's counsel of record as Class counsel;

59. A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. § 1981.

60. A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein; an order restoring Plaintiff and Class members to their rightful positions at Allied Wealth Partners, as applicants, contractors, or employees, or in lieu of instatement or reinstatement, an order for front pay (including interest) and benefits;

61. Back pay (including interest and benefits) for Plaintiff and Class Members;

62. All damages sustained as a result of Allied Wealth Partners' conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

63. Exemplary and punitive damages in an amount commensurate with Allied Wealth Partners' ability to pay and deter future conduct;

64. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

65. Pre-judgment and post judgment interest, as provided by law; and

66. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

 

                                          **LITE DEPALMA GREENBERG, LLC**

Dated: April 5, 2018            By:   */s/ Bruce D. Greenberg*
                                                Bruce D. Greenberg
                                                570 Broad Street, Suite 1201
                                                Newark, New Jersey 07102
                                                Telephone: (973) 623-3000
                                                Facsimile: (973) 623-0858
                                                bgreenberg@litedepalma.com

                                                OF COUNSEL:

                                                **THE MEXICAN AMERICAN LEGAL**
                                                **DEFENSE AND EDUCATIONAL FUND**
                                                Thomas Saenz*
                                                634 Spring St., 11th Floor
                                                Los Angeles, CA 90014
                                                Telephone: (213) 629-2512

Nina Perales*
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
nperales@maldef.org

Burth López*
1016 16th Street, Suite 100,
Washington, D.C. 20036
Telephone: (202) 572-0695
blopez@maldef.org

*Pending Admission Pro Hac Vice*

**Attorneys for Plaintiff**

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                **LITE DEPALMA GREENBERG, LLC**

Dated: April 5, 2018           By:   */s/ Bruce D. Greenberg*
                                             Bruce D. Greenberg
                                             570 Broad Street, Suite 1201
                                             Newark, New Jersey 07102
                                             Telephone: (973) 623-3000
                                             Facsimile: (973) 623-0858
                                             bgreenberg@litedepalma.com

                                             OF COUNSEL:

                                             **THE MEXICAN AMERICAN LEGAL**
                                             **DEFENSE AND EDUCATIONAL FUND**
                                             Thomas Saenz*
                                             634 Spring St., 11th Floor
                                             Los Angeles, CA 90014
                                             Telephone: (213) 629-2512

                                             Nina Perales*
                                             110 Broadway, Suite 300
                                             San Antonio, TX 78205
                                             Telephone: (210) 224-5476
                                             nperales@maldef.org

                                             Burth López*
                                             1016 16th Street, Suite 100,
                                             Washington, D.C. 20036
                                             Telephone: (202) 572-0695
                                             blopez@maldef.org

                                             *Pending Admission Pro Hac Vice*

                                             ***Attorneys for Plaintiff***